UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

**NATHAN HOWARD DENEAU,**     :

    **Petitioner**     :

                             CIVIL ACTION NO. 3:15-1227

    **v.**     :

                             (Judge Mannion)

**COMMONWEALTH OF**     :
**PENNSYLVANIA,**

                           :

    **Respondent**

## MEMORANDUM

Petitioner, Nathan Howard Deneau, an inmate confined in the Benner State Correctional Institution, Bellefonte, Pennsylvania, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. He attacks a conviction imposed by the Court of Common Pleas for Franklin County, Pennsylvania. (Doc. 1). Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will dismiss the petition as untimely. See 28 U.S.C. §2244(d).

## I.     Background

On February 9, 2010, following a jury trial in the Court of Common Pleas of Franklin County, Petitioner was found guilty in Comm. of Pa. v. Deneau, CP-28-CR-0000852-2009, of robbery and criminal conspiracy to commit theft, and in Comm. of Pa. v. Deneau, CP-28-CR-853-2009 of robbery and theft by

unlawful taking. (See Comm. of Pa. v. Deneau, CP-28-CR-852-2009, Comm. of Pa. v. Deneau, CP-28-CR-853-2009, Criminal Docket Sheets). On March 17, 2010, Deneau was sentenced to a term of incarceration of not less than 60 months, nor more than 120 months in Comm. of Pa. v. Deneau, CP-28-CR-852-2009 and a term of incarceration of not less than 66 months, nor more than 144 months, in Comm. of Pa. v. Deneau, CP-28-CR-853-2009. Id.

On August 26, 2010, Petitioner filed a direct appeal of both convictions to the Pennsylvania Superior Court. Id.

By Memorandum Opinion dated March 7, 2011, the Superior Court of Pennsylvania affirmed Deneau's judgment of sentence in both convictions. (Doc. 14 at 7, Superior Court Opinion). Deneau did not file for allowance of appeal to the Pennsylvania Supreme Court. (See Comm. of Pa. v. Deneau, CP-28-CR-852-2009, Comm. of Pa. v. Deneau, CP-28-CR-853-2009, Criminal Docket Sheets).

On December 19, 2011, Deneau filed a pro se petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 Pa. C.S.A. §§9541 *et seq*. (Doc. 14, at 25, Superior Court Opinion). Counsel was appointed, but rather than filing an amended PCRA petition, Deneau's counsel filed a

Turner/Finley petition seeking permission to withdraw. Id.

On July 31, 2012, the PCRA Court provided Deneau with a notice of its intent to dismiss the PCRA petition pursuant to Pa.R.Crim.P. 907. (Doc. 14 at 17, Order). Deneau did not respond to the Court's notice, and on September 18, 2012, the Court granted counsel's request to withdraw and dismissed Deneau's PCRA petition. Id.

On October 5, 2012, Deneau timely filed a *pro se* notice of appeal from the Court's September 18, 2012 dismissal. (Doc. 14 at 25, Superior Court Opinion). By Order of the same date, Deneau was granted twenty-one days within which to file a Statement of Errors Complained of on Appeal, pursuant to Pa.R.App.P. 1925(b)(2). (See Comm. of Pa. v. Deneau, CP-28-CR-852-2009, Comm. of Pa. v. Deneau, CP-28-CR-853-2009, Criminal Docket Sheets).

By Memorandum Opinion dated July 16, 2013, the Pennsylvania Superior Court, finding that Deneau failed to comply with the Order to file a Rule 1925(b) statement, found that all issues on appeal were waived and affirmed the PCRA Court's dismissal of Deneau's PCRA petition. (Doc. 14 at 24, Superior Court Opinion).

On June 22, 2015 ,Petitioner filed the instant petition for writ of habeas

corpus in which he claims that he was "illegally charged of robbery", as well as "court interfered with plea negotiations." (Doc. 1, petition). On October 2, 2015, Respondents filed a motion to dismiss the petition as untimely. (Doc. 12). Petitioner filed briefs in opposition on October 22, 2015 and November 6, 2015. (Docs. 16, 17).

## II.     Discussion

A state prisoner requesting habeas corpus relief pursuant to 28 U.S.C. §2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (d)(1) A one-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of - (A) the date on which the judgment became final by the conclusion of direct review or the expiration for seeking such review . . .
>
> (d)(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §2244(d)(1)-(2)(emphasis added); see generally, Jones v. Morton, 195 F.3d. 153, 157 (3d Cir. 1999). Thus, under the plain terms of

§2244(d)(1)(A), the period of time for filing a habeas corpus petition begins to run when direct review processes are concluded. See Harris v. Hutchinson, 209 F.3d 325, 327 (4th Cir. 2000). ("[T]he AEDPA provides that upon conclusion of direct review of a judgment of conviction, the one year period within which to file a federal habeas corpus petition commences, but the running of the period is suspended for the period when state post-conviction proceedings are pending in any state court."); Fields v. Johnson, 159 F.3d 914, 916 (5th Cir. 1998)(*per curiam*); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998). It is not the conclusion of state post-conviction collateral review processes that starts the running of the limitations period. See Bunnell v. Yukins, No. 00-CV-73313, 2001 WL 278259, *2 (E.D. Mich. Feb 14, 2001)("Contrary to Petitioner's assertion, the limitations period did not begin to run anew after the completion of his post-conviction proceedings.").

As indicated above, section 2244(d)(2) operates to exclude only the time within which a "properly filed application" for post conviction relief is pending in state court. Thus, when a petition or appeal has concluded and is no longer pending, the one (1) year statute of limitations starts to run and the time is counted. A "properly filed application" for post conviction relief under §2244(d)(2) is one submitted according to the state's procedural

requirements, such as rules governing time and place of filing. [Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998)](). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review, whether or not such review is sought. [Swartz v. Meyers, 204 F.3d 417 (3d Cir. 2000)](). "Pending," however, does not include the period during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition. [Stokes v. District Attorney of the County of Philadelphia, No. 99-1493, 2001 WL 387516, at *2 (3d Cir., April 17, 2001)](). Likewise, the statute of limitations is not tolled under §2244(d)(2) for the time during which a habeas petition is pending in federal court. [Jones, 195 F.3d at 158]().

The AEDPA statute of limitations also may be subject to equitable tolling. The Third Circuit has held that the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See [Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003)](). In Merritt, the Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claim." [Id.]() (internal

citations and quotations omitted).

**A.     Statutory Tolling**

In this case, because Petitioner did not file a petition for allowance of appeal with the Pennsylvania Supreme Court, his conviction became final on April 6, 2011, or thirty (30) days after the Pennsylvania Superior Court affirmed Petitioner's conviction and sentence. See 42 Pa.C.S.A. §9545(b)(3); Pa.R.App.P. 903; Pa.R.Crim.P. 720(a)(3). Thus, the clock for filing a federal habeas petition began running on April 6, 2011, and Deneau had until April 6, 2012 to file a timely habeas corpus petition. Burns v. Morton, 134 F.3d 109, 111 (3d Cir. 1998).

Pursuant to 28 U.S.C. §2244(d)(2), when Deneau filed his timely PCRA petition on December 19, 2011, the AEDPA's filing period was statutorily tolled with approximately 108 days of the one (1) year filing period remaining. See Harris, 209 F.3d at 328. Petitioner's PCRA petition was pending until July 16, 2013, when the Superior Court affirmed the dismissal of that petition. Because Deneau did not seek relief from the Pennsylvania Supreme Court, his judgment of sentence became final on August 15, 2013, thirty days after the Pennsylvania Superior Court affirmed the judgment of sentence, and the time for filing a petition for allowance of appeal with the Pennsylvania Supreme

Court expired. See 28 U.S.C. §2244(d)(1)(A); Pa. R. App. P. 1113; 42 Pa.C.S.A. §9545(b)(3). Accordingly, the remaining 108 days of the one-year limit for Petitioner to timely file a federal petition for writ of habeas corpus began on August 15, 2013 and expired on December 2, 2013. The instant petition was not filed until June 22, 2015, eighteen months after the limitations period expired. Thus, the petition for habeas corpus relief is barred by the statute of limitations, and should be dismissed as untimely, unless the statute of limitations is subject to statutory or equitable tolling.

### B.     Equitable Tolling

A habeas petitioner may also be entitled to equitable tolling of the AEDPA statute of limitations. See Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003), cert. denied, 540 U.S. 921 (2003) (holding that AEDPA's time limit is subject to the doctrine of equitable tolling, a judicially crafted exception). However, the habeas petitioner bears the burden of demonstrating his entitlement to equitable tolling and his due diligence. Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Cooper v. Price, 82 Fed. Appx. 258, 260 (3d Cir. 2003). Moreover, the federal habeas statute of limitations is subject to equitable tolling only in extraordinary circumstances. See Merritt, 326 F.3d at 161. Thus, while equitable tolling is permitted in state habeas petitions under AEDPA, it

is not favored. "Courts must be sparing in their use of equitable tolling" and only permit equitable tolling where "principles of equity would make rigid application of a limitation period unfair." Sistrunk v. Rozum, 674 F.3d 181, 189 (3d Cir. 2012).

In Merritt, the Third Circuit Court of Appeals set forth two general requirements for equitable tolling: "(1) that the petitioner has in some extraordinary way been prevented from asserting his or her rights; and (2) that the petitioner has shown that he or she exercised reasonable diligence in investigating and bringing the claims." Merritt, 326 F.3d at 168 (internal citations and quotations omitted). Mere excusable neglect is not sufficient. Miller v. New Jersey State Dep't of Corrections, 145 F.3d 616, 618–19 (3d Cir. 1998). The Court of Appeals has identified additional circumstances in which equitable tolling is warranted: (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, and (4) the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. See Yanes v. Nish, 2009 WL 1045884, *2 (M.D.Pa. 2009) (Caldwell, J.)

(citing Jones, 195 F.3d at 159).

In the present matter, Petitioner does not specifically argue that he is entitled to equitable tolling and he presents no evidence to account for the delay in filing the instant federal petition for writ of habeas corpus. In the habeas petition, Petitioner merely states that he "alledge (sic) for equitable tolling to apply or request for that." (See Doc. 17, p. 14). However, he offers no further argument in support of this statement. Petitioner does not allege that he has been actively misled by Respondents or the Court, and the record reflects no basis for the argument.

Furthermore, it does not appear that Petitioner's rights were prevented in an extraordinary manner, he fails to allege that he exercised due diligence in investigating and bringing his claim, and he has not alleged that he asserted his rights in the wrong forum. As such, equitable tolling is inapplicable in this matter.

### C. **Actual Innocence**

A claim of actual innocence may serve as both an exception to procedural default and as an equitable exception to the statute of limitations. See Hubbard v. Pinchak, 378 F.3d 333, 338 (3d Cir. 2004); McQuiggin v. Perkins, —— U.S. ——, ——, 133 S.Ct. 1924, 1931, 185 L.Ed.2d 1019

(2013). In McQuiggin, the United States Supreme Court held that a habeas petitioner who establishes a successful claim of actual innocence is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. A claim of actual innocence, if proved, is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." Schlup v. Delo, 513 U.S. 298, 315 (1995) (quoting Herrera v. Collins, 506 U.S. 390, 404 (1993)). However, the Supreme Court in McQuiggin cautioned that, "tenable actual-innocence gateway pleas are rare." McQuiggin, 133 S.Ct. at 1928.

A habeas petitioner seeking to overcome the one-year statute of limitations in §2244(d)(1), upon a showing of "actual innocence", must support his allegations with "new, reliable evidence" that was not presented at trial and must demonstrate that "it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." Schlup, 513 U. S. at 324–28 (internal citations omitted). This exception is limited to "certain exceptional cases involving a compelling claim of actual innocence." House v. Bell, 547 U.S. 518, 521 (2006); see also Schlup, 513 U.S. at 324 (stating that "experience has taught us that a substantial claim that constitutional error

11

has caused the conviction of an innocent person is extremely rare"). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousley v. United States, 523 U.S. 614, 623–24 (1998).

Although not clear, Petitioner appears to claim that he is actually innocent of the crimes for which he was convicted based upon an April 22, 2009 video surveillance, which Deneau states will show that "no robbery occurred." (Doc. 16 at 1). This video, however, is not "new evidence" so as to satisfy the first step of an actual innocence claim. See Teagle v. Diguglielmo, 336 Fed. Appx. 209, 213 (3d Cir. 2009) (noting that evidence was not "new," as it was available at trial and defense counsel chose not to present it). As the video clearly existed in 2009, this evidence was available to trial counsel and PCRA counsel. Thus, Petitioner has not presented reliable, newly-discovered evidence, i.e., evidence that was not known at the time of trial. As such, Deneau fails to meet the actual innocence threshold requirement necessary to overcome the one-year statute of limitations.

### III. **Certificate of Appealability**.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of

appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In this case, reasonable jurists could not disagree that the instant petition is time-barred. It is statutorily barred, and neither statutory nor equitable tolling apply to the petition.

## IV. Conclusion

In light of the foregoing, the petition for writ of habeas corpus will be **DISMISSED**, and the case will be **CLOSED**. An appropriate order will follow.


s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE:** February 10, 2016
O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-1227-01.wpd